**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ERICKA LAWTON-DAVIS; ANTHONY DAVIS; and ZORIYAH DAVIS,

        Plaintiffs,

v.                        Case No. 6:14-cv-1157-Orl-37GJK

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant, State Farm Mutual Automobile Insurance Company's, Motion to Dismiss Counts II and III of the Plaintiffs' Complaint (Doc. 9), filed July 23, 2014; and

2. Plaintiff's Response Opposing Defendant's Motion to Dismiss Counts II and III of Complaint and Supporting Memorandum of Law (Doc. 16), filed August 22, 2014.

Upon consideration, the Court finds that the motion is due to be granted in part and denied in part.

**BACKGROUND**

Plaintiff Ericka Lawton-Davis alleges that, after she was permanently injured in an automobile collision with an uninsured motorist, Defendant—her uninsured motorist ("UM") insurance provider—denied coverage without first conducting a reasonable investigation or making a good-faith settlement effort. (*See* Doc. 2, ¶¶ 6–26.)

Accordingly, Plaintiff asserts against Defendant claims for contractual UM benefits, statutory bad-faith damages, and a declaration of all liability and damages arising out of the collision.[1] (*See id.* ¶¶ 6–37.)

Defendant moves to dismiss Plaintiff's bad-faith and declaratory judgment claims. (*See* Doc. 9.) Plaintiff concedes that the bad-faith claim is premature, but argues that it should be abated, not dismissed; she opposes dismissal of the declaratory judgment claim outright. (*See* Doc. 16.) The matter is now ripe for the Court's adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alterations and internal quotation marks omitted). When a complaint is challenged under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

---

[1] For purposes of this Order, "Plaintiff" refers to Ericka Lawton-Davis. Anthony Davis and Zoriyah Davis, Ericka Lawton-Davis' husband and daughter, also bring loss-of-consortium claims in this action. (*See* Doc. 2, ¶¶ 38–43.)

**DISCUSSION**

**I.     Bad Faith**

The parties agree that Plaintiff's bad-faith claim is premature. To state a claim for first-party bad faith under Florida Statute § 624.155, a plaintiff must allege, *inter alia*, that there has been a prior determination of both the uninsured tortfeasor's liability and the extent of the plaintiff's damages. *See Blanchard v. State Farm. Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Given that Plaintiff brings her UM benefits claim in order to secure that determination, she cannot simultaneously allege in her bad-faith claim that the determination has already been made.

The parties disagree on how the premature claim should be resolved. Defendant contends that the Court should dismiss the claim without prejudice (*see* Doc. 9, pp. 1–12), whereas Plaintiff maintains that the Court should abate the claim pending disposition of her UM benefits claim (*see* Doc. 16, pp. 2–4). Florida courts permit both procedures.[2] *See Safeco Ins. Co. of Ill. v. Beare*, No. 4D13-3104, 2014 WL 4626851, at

---

[2] Relying largely on dicta from *Vest v. Travelers Insurance Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) ("[A bad-faith claim] brought prematurely is not subject to summary judgment. Such a claim should be dismissed."), and *Safeco Insurance Co. of Illinois v. Fridman*, 117 So. 2d 16, 19–21 (Fla. 5th DCA 2013), Defendant argues that Florida courts disapprove of abating premature bad-faith claims. (*See* Doc. 9, pp. 2–3, 8.) Like those courts that have already considered Defendant's exact argument and authorities, the Court rejects them as noncontrolling, inconsistent with subsequent Florida Supreme Court dicta, *see, e.g., Allstate Indemnity Co. v. Ruiz*, 399 So. 2d 1121, 1130 (Fla. 2005) ("[W]here the coverage and bad faith actions are initiated simultaneously, the courts should employ existing tools, *such as the abatement of actions* and in-camera inspection, to ensure full and fair discovery in both causes of action.") (emphasis added), and contrary to the current state of Florida law as established by its District Courts of Appeal. *See Gianassi v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1078-Orl-31TBS, 2014 WL 4999443, at *1–*3 (M.D. Fla. Oct. 7, 2014) (considering and rejecting the same argument); *Safeco Ins. Co. of Ill. v. Beare*, No. 4D13-3104, 2014 WL 4626851, at *2 (Fla. 4th DCA Sept. 17, 2014) (rejecting the *Vest* dicta argument).

\*2 (Fla. 4th DCA Sept. 17, 2014) (confirming that, "where a first party bad faith action is joined with a claim for UM benefits," courts have discretion to "*either* dismiss or abate a bad faith action until the underling breach of contract action [is] determined"); *Safeco Ins. Co. of Ill. v. Rader*, 132 So. 3d 941, 948 (Fla. 1st DCA 2014) ("[A]n insured may file a complaint alleging both breach of contract as to UM coverage at the same time as a premature claim for bad faith, but the latter should, if premature, be either dismissed without prejudice or abated."); *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 635–36 (Fla. 2d DCA 2008) ("When a plaintiff does not and cannot allege that there has been a final determination of both the insurer's liability and the amount of damages owed by the insurer, the plaintiff's bad faith claim is premature and should be either dismissed without prejudice or abated.").

Ordinarily, dismissal without prejudice would be the more appropriate procedure. As a general rule, courts permit abatement "where the premature element of an action is curable simply by the passage of time," but they prefer dismissal if an action is "premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur." *Shuck v. Bank of Am., N.A.*, 862 So. 2d 20, 24 (Fla. 2d DCA 2003). Under that framework, a premature bad-faith claim should be dismissed because a requisite element—the prior determination of liability and damages—has yet to, and may never, accrue.

However, Florida courts have not followed that general rule in the first-party bad-faith context, nor have federal courts; instead, they routinely permit abatement, largely to conserve judicial resources and reduce the potential for inconsistent rulings in successive UM benefits and bad-faith actions. *See, e.g., Gianassi v. State Farm Mut.*

*Auto. Ins. Co.*, No. 6:14-cv-1078-Orl-31TBS, 2014 WL 4999443, at *3 (M.D. Fla. Oct. 7, 2014) ("Because abatement offers at least the possibility of increased judicial efficiency for those bad faith claims that do become ripe, [the bad-faith claim] will be abated rather than dismissed.")

In the undersigned's view, the risks of judicial inefficiency and inconsistency peculiar to the first-party bad-faith context can be traced to a discrete question of Florida law: does an excess verdict in a UM benefits action fix a plaintiff's damages in a subsequent bad-faith action? *See Batchelor v. GEICO Cas. Co.*, No. 6:11-cv-1071-Orl-37GJK, 2014 WL 3906312, at *2–*4 (M.D. Fla. June 9, 2014). The Court recently addressed the issue in depth and concluded that it does. *See id.* at *2. Others, however, have concluded that it does not and that plaintiffs in bad-faith actions must relitigate their damages. *See, e.g.*, *See King v. Gov. Emps. Ins. Co.*, No. 8:10-cv-977-T-30AEP, 2012 WL 4052271, at *5–*6 (M.D. Fla. Sept. 13, 2012). As the Court previously stated, ramifications of the latter view include: "the almost-certain risk of inconsistent verdicts; potentially raising comity issues between state and federal courts; creating a discrepancy (surely unintended and definitely illogical) between first- and third-party bad faith claims; placing an inexplicable burden on plaintiffs to prove their cases twice; and causing a great deal of judicial inefficiency." *Batchelor*, 2014 WL 3906312, at *4. To avoid those ramifications, abatement is justified.

At least for the time being though, the excess-verdict issue has been resolved. In *GEICO General Insurance Co. v. Paton*, Florida's Fourth District Court of Appeal expressly held that "the initial action between the insurer and the insured fixes the amount of damages in a first-party bad faith action." No. 4D12-4606, 2014 WL 4626860, at *3

(Fla. 4th DCA Sept. 17, 2014). As the Florida Supreme Court has not yet addressed the issue and no other District Court of Appeal has held to the contrary, *Paton* controls. *See Allstate Life Ins. Co. v. Miller,* 424 F.3d 1113, 1116 (11th Cir.2005) ("As a federal court sitting in diversity, the decisions of Florida's District Courts of Appeal control [the] application of Florida law, absent persuasive authority the Florida Supreme Court would decide otherwise."); *see also Batchelor*, 2014 WL 3906312, at *3 (discussing existing Florida Supreme Court precedent suggesting that it would rule in accord with *Paton*).

The holding in *Paton* significantly militates against the justifications for abatement. That said, *Paton* is a recent decision; the Florida Supreme Court could still take up the excess-verdict issue, as could other District Courts of Appeal. Given that this action is still in its early stages and that the state of the law on excess UM benefits verdicts has not fully crystalized, the Court will exercise its discretion and abate the bad-faith claim in this case. To that extent, Defendant's motion to dismiss is due to be denied.

If necessary, the Court will hold a separate trial on the abated bad-faith claim after Plaintiff's UM benefits claim is resolved. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate . . . claims . . . .").

**II.    Declaratory Judgment**

Defendant next moves to dismiss Plaintiff's declaratory judgment claim (*see* Doc. 9, pp. 12–18), in which she seeks a declaration of the liability and damages arising out of the collision (*see* Doc. 2, ¶¶ 30–37). Plaintiff opposes, but clarifies that she brought the claim only to avoid potentially having to relitigate her damages in a subsequent bad-faith trial should she secure an excess verdict in her UM benefits claim.

(*See* Doc. 16, pp. 4–8.)

While, as addressed above, the Court shares Plaintiff's general concerns, her declaratory judgment claim is due to be dismissed. Declaratory judgments are discretionary remedies through which courts can provide *complete* relief to parties with an *actual case or controversy*; Plaintiff's bad-faith claim is premature and thus the parties are not presently in controversy over it and, in any event, a declaration as to liability and damages would not dispose of all issues necessary to completely resolve the bad-faith claim. *See Gianassi*, 2014 WL 4999443, at *3–*5 (considering and dismissing a virtually identical declaratory judgment claim); *Smith*, 2014 WL 5474591, at *1 (same).

That said, the Court's decision to abate the bad faith claim and its position regarding excess verdicts in UM benefits actions, *see Batchelor*, 2014 WL 3906312, at *2–*4, should allay Plaintiff's concerns regarding duplicative damages trials.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant, State Farm Mutual Automobile Insurance Company's, Motion to Dismiss Counts II and III of the Plaintiffs' Complaint (Doc. 9) is **GRANTED IN PART AND DENIED IN PART**.

    a. The motion is **GRANTED** with respect to Plaintiff's declaratory judgment claim in Count III of her Amended Complaint for Damages (Doc. 2, ¶¶ 30–37), which is **DISMISSED**.

    b. In all other respects, the motion is **DENIED**.

2. Plaintiff's bad-faith claim in Count II of her Amended Complaint for Damages (*id.* ¶¶ 18–29) is **ABATED** pending disposition of her UM Benefits

claim in Count I.

3. Pursuant to Federal Rule of Civil Procedure 42(b), the Court will first hold a trial on Plaintiff's UM benefits claim, after which the Court will, if necessary, hold a second trial on her bad-faith claim.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 24, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record