**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ERICKA LAWTON-DAVIS; ANTHONY
DAVIS; and ZORIYAH DAVIS,

        Plaintiffs,

v.                                  Case No. 6:14-cv-1157-Orl-37DAB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____

**ORDER**

This cause is before the Court on the following:

1.      Defendant's Motion to Compel Better Answers to Second Supplemental Interrogatories and Supplemental Request for Production to Plaintiffs [sic] (Doc. 53), filed October 29, 2015;

2.      Plaintiffs' Emergency Motion for Protective Order (Doc. 54), filed October 29, 2015;

3.      Defendant's *Daubert* Motion to Limit the Causation Opinion of Robert Martinez, M.D. (Doc. 59), filed November 6, 2015;

4.      Plaintiffs' Motion to Strike Expert for Failure to Comply with Federal Rule of Civil Procedure 26(a)(2)(B) and Alternative Motion to Exclude or Limit Expert Testimony Regarding Steven Rundell, Ph.D. Pursuant to Federal Rule of Evidence 702 and Incorporated Memorandum of Law (Doc. 60), filed November 6, 2015;

5.      Plaintiffs' Motion to Permit Testimony by Video Deposition (Doc. 61), filed

November 6, 2015;

6.   Defendant's *Daubert* Motion to Limit Expert Testimony of Robert Masson, M.D. (Doc. 62), filed November 6, 2015;

7.   Plaintiffs' Motion to Strike Expert for Failure to Comply with Federal Rule of Civil Procedure 26(a)(2)(B) and Alternative Motion to Exclude or Limit Expert Testimony Pursuant to Federal Rule of Evidence 702 Regarding Connie Coleman and Incorporated Memorandum of Law (Doc. 63), filed November 6, 2015;

8.   Defendant's *Daubert* Motion to Limit the Causation Opinion of Padmaja Yatham. [sic] M.D. (Doc. 64), filed November 6, 2015;

9.   Plaintiffs' Motion to Strike Response, or in the Alternative, Motion for Leave to Reply (Doc. 90), filed November 30, 2015; and

10.  Plaintiff's Motion to Strike Response, or in the Alternative, Motion for Leave to Reply (Doc. 91), filed December 3, 2015.

In accordance with the Court's rulings from the bench at its January 6, 2016, Miscellaneous Hearing on all pending motions (*see* Docs. 92, 97 ("**Hearing**")), it is hereby

**ORDERED AND ADJUDGED—**

1.   The Court reserves ruling on the following motion pending review of the information and documents requested therein: Defendant's Motion to Compel Better Answers to Second Supplemental Interrogatories and Supplemental Request for Production to Plaintiffs [sic] (Doc. 53). On or before Wednesday, **January 20, 2016**, Plaintiffs shall provide to the Court, in camera, the information and documents requested by Defendant as to

Dr. Robert Masson in accordance with the Court's instructions from the bench. Such information shall cover only the **two-year period** preceding the November 6, 2015, close of discovery.

2.  Plaintiffs' Emergency Motion for Protective Order (Doc. 54) is **GRANTED**; however, on or before Wednesday, **January 20, 2016**, Plaintiffs shall provide to the Court, in camera, the information and documents requested by Defendant as to Central Florida Injury and Rehabilitation Center, Inc., in accordance with the Court's instructions from the bench. Such information shall cover only the **two-year period** preceding the November 6, 2015, close of discovery. The Court will then review the information and determine whether it should be provided to Defendant.

3.  Defendant's *Daubert* Motion to Limit the Causation Opinion of Robert Martinez, M.D. (Doc. 59) is **GRANTED**.

4.  Plaintiffs' Motion to Strike Expert for Failure to Comply with Federal Rule of Civil Procedure 26(a)(2)(B) and Alternative Motion to Exclude or Limit Expert Testimony Regarding Steven Rundell, Ph.D. Pursuant to Federal Rule of Evidence 702 and Incorporated Memorandum of Law (Doc. 60) is **GRANTED IN PART AND DENIED IN PART**. Dr. Rundell shall limit his testimony in accordance with the Court's instructions from the bench. Additionally, Defendant shall make Dr. Rundell available to Plaintiffs for limited questioning regarding the mathematical calculations omitted from Dr. Rundell's Rule 26 report. Plaintiffs shall notify Defendant on or before Monday, **January 18, 2016**, if they intend to question Dr. Rundell in this

manner. Such questioning must be completed on or before Friday, **February 5, 2016**.

5.   Plaintiffs' Motion to Permit Testimony by Video Deposition (Doc. 61) is **DENIED**.

6.   Defendant's *Daubert* Motion to Limit Expert Testimony of Robert Masson, M.D. (Doc. 62) is **GRANTED IN PART**. Dr. Masson shall not testify regarding causation, but may testify as to the consistency between Plaintiff Erika Lawton-Davis's injuries and the trauma associated with the April 22, 2011 automobile accident. Defendant shall not use this ruling as a basis for arguing that Dr. Masson was unable to reach an opinion as to causation.

7.   The Court **DEFERS** ruling on the following motion until the time of trial: Plaintiffs' Motion to Strike Expert for Failure to Comply with Federal Rule of Civil Procedure 26(a)(2)(B) and Alternative Motion to Exclude or Limit Expert Testimony Pursuant to Federal Rule of Evidence 702 Regarding Connie Coleman and Incorporated Memorandum of Law (Doc. 63). The parties shall not reference Ms. Coleman's testimony in their opening statements.

8.   Defendant's *Daubert* Motion to Limit the Causation Opinion of Padmaja Yatham. [sic] M.D. (Doc. 64) is **GRANTED**.

9.   Plaintiffs' Motion to Strike Response, or in the Alternative, Motion for Leave to Reply (Doc. 90 ("**Plaintiffs' Motion to Strike Response as to Dr. Rundell**")) is **DENIED**. In the future, the parties are cautioned that record material filed in conjunction with a motion or response must: (1) directly

relate to the matters referenced in the motion and response; (2) be referenced with pinpoint citations; and (3) be necessary to the resolution of the issues raised in motion. Such supporting documents may not be "incorporated by reference" in bulk.

10.     In accordance with the Court's ruling from the bench denying Plaintiffs' Motion to Strike Response as to Dr. Rundell (Doc. 90), Plaintiffs' Motion to Strike Response, or in the Alternative, Motion for Leave to Reply (Doc. 91) is also **DENIED**.

11.     The parties must comply with any additional instructions given by the Court at the Hearing.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 8, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record