**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ERICKA LAWTON-DAVIS; ANTHONY
DAVIS; and ZORIYAH DAVIS,

        Plaintiffs,

v.                                                  Case No. 6:14-cv-1157-Orl-37DAB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

## ORDER

The purpose of this Order is to supplement the Court's prior rulings (*see* Doc. 98) on the following motions:

1. Defendant's Motion to Compel Better Answers to Second Supplemental Interrogatories and Supplemental Request for Production to Plaintiff [sic] (Doc. 53); and

2. Plaintiffs' Emergency Motion for Protective Order (Doc. 54).

On January 6, 2016, the Court heard oral argument on all then-pending motions in this action, including a motion to compel (Doc. 53) and a motion for protective order (Doc. 54) (collectively, "**Discovery Motions**"). (*See* Doc. 97 ("**Hearing**").) Upon consideration of the parties' arguments regarding the Discovery Motions, the Court, *inter alia*: (1) reserved ruling on the motion to compel; (2) granted the motion for protective order; (3) instructed Plaintiffs to produce certain information to the Court, in camera; and (4) advised the parties that it would determine whether Defendant was entitled to such information following an in-camera inspection. (*See* Doc. 98).

Pursuant to the Court's instructions, Plaintiffs produced the relevant information to the Court for an in-camera review. Upon review, the Court finds that Defendant is entitled to only the vendor history information as to the following providers: (1) Central Florida Injury & Rehabilitation Center, Inc.; (2) Dr. Robert L. Masson; and (3) the Neurospine Institute.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Compel Better Answers to Second Supplemental Interrogatories and Supplemental Request for Production to Plaintiffs [sic] (Doc. 53) is **GRANTED IN PART AND DENIED IN PART**.

    a. To the extent that Defendant requests that Plaintiffs produce vendor history reports for Central Florida Injury & Rehabilitation Center, Inc., Robert L. Masson, M.D., and the Neurospine Institute, the Motion is **GRANTED**, in part. Vendor history is limited to the last two calendar years.

    b. In all other respects, the Motion is **DENIED**.

2. On or before Friday, **January 22, 2016**, Plaintiffs are **DIRECTED** to produce to Defendant the vendor history reports submitted to the Court as to Central Florida Injury and Rehabilitation Center, Inc., Robert L. Masson, M.D., and Neurospine Institute.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 15, 2016.

---

[1] Defendant is not entitled to the case list summary reports as to Central Florida Injury & Rehabilitation Center and Dr. Robert L. Masson.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record