**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ERICKA LAWTON-DAVIS; ANTHONY DAVIS; and ZORIYAH DAVIS,

    Plaintiffs,

v.                        Case No. 6:14-cv-1157-Orl-37DAB

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

**ORDER**

This cause is before the Court on its own motion. Upon review of the parties' pretrial evidentiary disclosures (Docs. 115, 120, 121, 130) and respective objections thereto (Docs. 115, 119, 132), it is hereby **ORDERED AND ADJUDGED**:

1. The Court **will not** admit into evidence at trial any document or exhibit that was not produced for inspection at the parties' March 1, 2016, in-person meeting to prepare the Joint Final Pretrial Statement ("**JPS Meeting**"). The Court will not make any exceptions to this ruling, unless such evidence is offered exclusively for impeachment purposes.

2. The Court **will not** admit into evidence at trial any deposition designation that was not provided at the time of the JPS Meeting,[1] unless such evidence is offered exclusively for impeachment purposes.

---

[1] Federal Rule of Civil Procedure 26(a)(3)(B) requires pretrial disclosure of evidence thirty days before trial, *unless the Court orders otherwise.* Pursuant to the Case Management and Scheduling Order, the deadline for pretrial disclosure of evidence is the JPS Meeting. (Doc. 17, p. 8.)

3. The Court **will not** admit into evidence at trial the deposition testimony of any expert or other non-party witness, who does not meet the requirements of Federal Rule of Evidence 32(a)(4).

4. Consistent with the great weight of sound, federal case law on the discoverability of surveillance video in personal injury cases,[2] on or before Monday, **April 11, 2016**, Defendant is **DIRECTED** to produce to Plaintiffs any surveillance video that has not previously been produced. The Court reserves ruling on whether any portion of such surveillance video will be admissible at trial.

---

[2] "[D]istrict courts have uniformly ordered the discovery of surveillance videos in cases like this despite their status as work product. The rationale for permitting the discovery of surveillance videos in personal injury cases is based on the fact that videos can be selectively edited or manipulated by the photographer. Furthermore, a plaintiff alleging claims for personal injury has a substantial need for surveillance evidence in preparing his case for trial, due to the relevance and importance of such evidence, and the substantial impact it may have at trial." *Young v. Friedel*, No. 4:14-cv-499, 2014 WL 3418891, at *2 (E.D. Mo. July 14, 2014) (requiring the defendant to submit to plaintiff a copy of any surveillance video taken of plaintiff, regardless of the purpose for which the defendant intends to use the video at trial). *Accord Roa v. Tetrick*, No. 1:13-cv-379, 2014 WL 695961 (S.D. Ohio Feb. 24, 2014) ("Because of the highly persuasive nature of video evidence, its use as substantive and impeachment evidence at trial, and the inability of a plaintiff to reproduce or discover video evidence by another means, courts have routinely ordered the production of such video evidence after the deposition of the plaintiff has occurred."); *Kari v. Four Seasons Maritime, Ltd.*, No. Civ.A.02-3413, 2004 WL 797728, at *4 (E.D. Mo. July 14, 2014); *Evan v. Estell*, 203 F.R.D. 172 (M.D. Pa. 2001); *Papadakis v. CSX Transp.*, 233 F.R.D. 227 (D. Mass. 2006).

The Court underscores its agreement with the line of case law finding such surveillance video to be both substantive and impeachment evidence. *E.g.*, *Chiasson v. Zapata Gulf Marine*, 988 F.2d 513 (5th Cir. 1993); *Morris v. Metals USA*, No. 2:09-cv-1267, 2011 WL 94559 (D.S.C. Jan. 11, 2011); *see also, e.g.*, *Blair v. Crown Point Resort*, No. 1:12-cv-110, 2014 WL 2204093 (E.D. Ark. May 27, 2014). As such, the Court rejects the contrary conclusion reached in the unpublished and non-binding opinion in *Alphonso v. Esfeller Oil Field Constr., Inc.*, 380 F. Appx. 808, 810–11 (11th Cir. 2010), as unpersuasive.

5. On or before Monday, **April 11, 2016**, each side is required to identify, by written response: (1) any evidence it intends to proffer at trial that was not produced or exchanged at the time of the JPS Meeting; and (2) any witness, for whom it intends to proffer deposition testimony at trial, who does not meet the requirements of Federal Rule of Evidence 32(a)(4).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 8, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record