**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ERICKA LAWTON-DAVIS; and
ANTHONY DAVIS,

      Plaintiffs,

v.                                                  Case No. 6:14-cv-1157-Orl-37DAB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____

**JUDGMENT IN A CIVIL CASE**

On April 21, 2015, at the conclusion of a four-day trial, a jury rendered a verdict awarding Plaintiff Ericka Lawton-Davis ("**Mrs. Lawton-Davis**") $2,587.67 in total damages ("**Award**").[1] (Doc. 170.) Finding that there is no just reason for delay, the Court now enters final judgment.

Under Florida's collateral source statute, "[i]n any action . . . in which liability is admitted or determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant . . . from all collateral sources." Fla. Stat. § 786.76(1).

In their Joint Final Pretrial Statement, the parties agreed that Defendant previously paid Mrs. Lawton-Davis $5,000 in medical payments ("**medpay**") benefits. (Doc. 115,

---

[1] Specifically, the jury awarded Mrs. Lawton-Davis: (1) $2,587.67 in damages for past medical expenses; (2) no damages for lost earnings in the past; (3) no damages for loss of future earning capacity; and (4) no damages for future medical expenses. (Doc. 170.) The jury also found that Mrs. Lawton-Davis sustained no permanent injury as a result of an April 20, 2011, automobile accident. (*Id.*)

pp. 14–15.) Additionally, at the final pretrial conference, the parties agreed that the Court would apply any applicable setoff from collateral source payments after trial ("**Setoff Agreement**"). (*See* Doc. 146, pp. 15–16; *see also* Doc. 133, p. 3.)

Pursuant to Florida law, "medpay benefits are a collateral source to which the general collateral source statute is applicable." *Allstate Ins. Co. v. Rudnick*, 761 So. 2d 289, 291 (Fla. 2000). Therefore, in light of the Setoff Agreement and Florida Statute § 786.76(1), the Court finds that the Award is due to be set off by the amount of $5,000. Given that such setoff will reduce Plaintiffs' damages to zero, the Court will enter judgment for Defendant. *See Brown v. United States*, 838 F.2d 1157, 1162 (11th Cir. 1988) (directing the district court to enter judgment for the defendant where "the setoff to which the [defendant] [was] entitled [was] a total setoff").

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. **FINAL JUDGMENT** is entered in favor of the Defendant, State Farm Mutual Automobile Insurance Company, and against the Plaintiffs, Ericka Lawton-Davis and Anthony Davis.
2. The prevailing party shall be entitled to an award of costs as provided in 28 U.S.C. § 1920. Fed R. Civ. P. 54(d)(1).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 25, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Case 6:14-cv-01157-RBD-DCI   Document 171   Filed 04/25/16   Page 3 of 3 PageID 3945