# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ERICKA LAWTON-DAVIS, ANTHONY
DAVIS and ZORIYAH DAVIS,

        **Plaintiffs,**

v.                                Case No: 6:14-cv-1157-Orl-37DCI

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        **Defendant.**

## AMENDED REPORT AND RECOMMENDATION[1]

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** THIRD AMENDED MOTION FOR COSTS (Doc. 199)
>
> **FILED:** March 13, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I. BACKGROUND.

On June 18, 2014, Plaintiff Ericka Lawton-Davis (Lawton-Davis), her husband (Anthony Davis), and their child (Zoriyah Davis) served an Amended Complaint against Defendant State Farm Mutual Automobile Insurance Company in state circuit court in Orange County, Florida.

---

[1] This Report and Recommendation is amended to correct an inadvertent error on the last page; to change the word "Plaintiffs" to "Defendant" at the conclusion of this Report to reflect that it is recommend that the award of costs be made to Defendant. No other changes were made to the original Report.

Doc. 1-1. On July 17, 2014, Defendant removed the case to this Court on the basis of this Court's diversity jurisdiction. Doc. 1. At core, the Amended Complaint concerns an automobile accident involving Lawton-Davis, who was driving a vehicle owned by Anthony Davis and insured by Defendant. Doc. 2. The procedural and factual background of the case, and the analysis setting forth Defendant's entitlement to costs in this matter is set forth in the undersigned's Report recommending that the Court award Defendant its reasonable attorney fees in this case, and will not be repeated here. *See* Doc. 196 (adopted without objection in the Order at Doc. 200). In that Report, the undersigned recommended that Defendant's request for costs be denied without prejudice, and stated that: "Any future request for costs by Defendant should delineate costs sought by category and amount, cite to the appropriate legal authority to recover each category of costs sought, and comply with 28 U.S.C. § 1920." Doc. 196 at 19. The Third Amended Motion for Costs (the Motion) now before the undersigned is the Defendant's renewed request for costs. *See* Doc. 199.

**II.     DISCUSSION.**

Federal Rule of Civil Procedure 54(d)(1) allows for an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise (citing *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000))).

Here, for the reasons already articulated in the undersigned's report concerning the award of attorney fees, *see* Doc. 196, Defendant is the prevailing party in this case and is entitled to costs under Rule 54(d). *See Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008)

(stating that a prevailing party is one who "prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit'" (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 79 1 (1989))).

"[A] court may only tax costs as authorized by statute." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Thus, a district court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. When challenging whether costs are properly taxable, the burden lies with the challenging party. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). And "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, 'since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.'"

*Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)) (internal citation omitted) (alteration in original).[2] To defeat the presumption and deny some or all costs, a district court must have and state a sound basis for doing so. *Id*.

Yet the party seeking costs must provide sufficient detail and documentation regarding the requested costs so the opposing party may challenge the costs and the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). Failure to provide sufficient detail or "supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs." *Pelc v. Nowak*, No. 8:11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

## III. ANALYSIS.

There is no dispute that Defendant is entitled to recover costs pursuant § 1920. *See* Doc.171. In the Motion, Defendant requests costs in the following five categories and amounts (with Plaintiffs' objection, if any, reflected):

|  | Costs Requested | Plaintiffs' Objections |
| --- | --- | --- |
| Fees of the Clerk | $400.00 | No objection |

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

| Copying Fees | $6,406.68 | Plaintiffs Object to $945.56 of that amount |
| Fees for Transcripts | $6,951.60 | Plaintiffs Object to $1,269.00 of that amount |
| Fees for Service of Subpoenas | $5,190.10 | Plaintiffs Object to $2,111.35 of that amount |
| Fees for Medical Records | $1,871.81 | No objection |
| Total Requested: | $20,820.19 | |
| Total Objected-to: | | $4,325.91 |

*See* Docs. 199; 201. Thus, Plaintiffs do not object to Defendant receiving an award of costs in the amount of $16,494.28. *See* Doc. 201. Plaintiffs' objections will be addressed *seriatim*.

**A. Copying Fees.**

Defendant seeks a total of $6,406.68 in costs for copies, and Plaintiffs object to $945.56 of that amount. Docs. 199; 201. Plaintiffs' objections relate to two of the invoices, which Plaintiffs assert include amounts that Plaintiffs already paid to Defendant as part of previous agreements between the parties to split certain costs. Doc. 201 at 3. In particular, Plaintiffs attach to their response two exhibits that support their claims that they paid these costs. Docs. 201-1; 201-2. These exhibits indeed reflect that Plaintiffs already paid Defendant the disputed amounts. Defendant did not request an opportunity to reply to this aspect of Plaintiffs' argument. Accordingly, on the record before the Court, it is recommended that Plaintiffs' objections to the copying fees be sustained, and Defendant's request for costs be **reduced by $945.56** in relation to copying fees.

**B. Fees for Transcripts.**

Defendant seeks costs related to deposition transcripts in the amount of $6,951.60, and Plaintiffs object to $1,269.00 of that amount. Docs. 199; 201. Specifically, Plaintiffs object to

costs associated with expedited delivery of transcripts, equipment rental, and unedited (rush) transcripts. Doc. 201 at 3-4.

"Taxation of deposition costs is authorized by § 1920(2)." *W & O, Inc.*, 213 F.3d at 620 (citing *U.S. v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). In particular, costs for transcripts of depositions conducted in support of a motion for summary judgment or depositions conducted of witnesses listed on a party's witness list are examples of the types of costs recoverable under § 1920(2). *See, e.g.*, *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012). However, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W & O, Inc.*, 213 F.3d at 620 (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993)). Ultimately, the question of whether costs for a deposition are recoverable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case. *Id.* at 620-21.

Here, Defendant makes no argument in support of any of the particular costs associated with its request for costs related to deposition transcripts. *See* Doc. 199 at 4-5. The party seeking costs must provide sufficient detail and documentation regarding the requested costs so the opposing party may challenge the costs and the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. *Pelc v. Nowak*, No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)). As previously observed, "where the deposition costs were merely incurred for

convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W & O, Inc.*, 213 F.3d at 620.   On this record, Defendant has not met its burden to provide sufficient detail to justify the costs related to expedited delivery of transcripts, equipment rental, and unedited (rush) transcripts and, in particular, the undersigned cannot determine whether or not the charges at issue were simply for the convenience of counsel.  *See, e.g.*, *Awwad v. Largo Med. Ctr., Inc.*, Case No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *4 (M.D. Fla. Nov. 27, 2013) (denying recovery of shipping costs associated with deposition transcripts) (citing *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012)); *Perez v. Garcia*, 2016 WL 3348614, at *3 (S.D. Fla. June 16, 2016) (denying recover of rush fees related to transcripts).  Accordingly, on the record before the Court, it is recommended that Plaintiffs' objections to the transcript fees be sustained, and Defendant's request for costs be **reduced by $1,269.00** for costs related to expedited delivery of transcripts, equipment rental, and unedited (rush) transcripts.

### C. Fees for Service of Subpoenas

Defendant seeks costs related to the service of subpoenas in the amount of $6,951.60, and Plaintiffs object to $2,111.35 of that amount.  Docs. 199; 201.  Specifically, Plaintiffs object to costs associated with service of subpoenas on a "rush" basis (at a rate in excess of $65.00 per hour) and the use of a process server to serve subpoenas for documents to 13 third parties.  Doc. 201 at 4-5.  According to Plaintiffs, the amount at issue in regards to the rush fees and the 13 third party subpoenas totals $1,270.20, although it is not clear from the response how Plaintiffs calculated this number or what amounts are at issue in each of those objections.  *Id.*  Similarly, Plaintiffs object to $841.15 as the stated cost of subpoenaing Defendant's own expert witnesses for trial, but Plaintiffs do not explain how they arrived at this number, state whether it is inclusive of the rush fee objection, or identify the witnesses at issue.  Doc. 201 at 4-5.

"It is well settled that costs for having a private process server serve . . . subpoenas are compensable to the extent the private process server's fees are limited to the fees authorized in 28 U.S.C. § 1921." *Magaldi v. Safeco Ins. Co. of Am.*, 2009 WL 1851102, at * 6 (S.D. Fla. June 29, 2009) (citing *W & O, Inc.*, 213 F.3d at 624). The statutorily authorized fee for § 1921 is set forth in 28 C.F.R. § 0.114. The record reveals that all of the subpoenas were served after October 30, 2013 (Doc. 199-4), at which time the U.S. Marshals Service was authorized to collect $65.00 per hour for service of process, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3) (2013).

Here, Defendant has not demonstrated that rush service of any subpoena was necessary, and the invoices filed in support of Defendant's requested costs, Doc. 199-4, are replete with rush fees, wait time fees, and fees associated with serving additional addresses. Defendant provided no explanation or justification for these fees in excess of the $65.00 amount generally applicable to the service of a subpoena. Therefore, Plaintiffs' objections are well-taken to the extent that Plaintiffs objected to the taxing of rush fees in excess of $65.00 for the service of subpoenas. *See, e.g.*, *Spatz v. Microtel Inns & Suites Franchising, Inc.*, 2012 WL 1587663, at *3 (S.D. Fla. May 4, 2012) (declining costs for rush service where prevailing party failed to demonstrate why rush service was necessary); *Brown v. Lassiter-Ware Inc.*, No. 6:11-cv-1074-Orl-36DAB, 2014 WL 5258912, at *2 (M.D. Fla. Oct. 15, 2014) (same). Accordingly, on the record before the Court, it is recommended that Plaintiffs' objections to certain fees for the service of subpoenas be sustained, and Defendant's request for costs be **reduced by $1,185.00**.

To the extent that Plaintiffs made a blanket objection to taxing costs for the use of a process server to serve a third party with a subpoena for the production of documents when Florida law permits service by certified mail as an alternative method of service, Plaintiffs have failed provide

any legal support for their proposition that such fees are excludable under § 1920. The undersigned is uncertain if this was even an objection, because Plaintiffs provided no specific amount of fees objected-to on the basis of their argument. Accordingly, that objection, to the extent one was made, should be overruled.

Finally, Plaintiffs objected to "$841.15 for the cost of subpoenaing its own retained experts to appear at trial (Doc. 199-4 at 35-36)." Doc. 201 at 5 (citing Defendant's Exhibit D to the Motion (Doc. 199-4)). Plaintiffs provided no further information concerning this aspect of their objection, and the undersigned cannot determine how Plaintiffs calculated the amount of $841.15 on the basis of the invoices at the cited-to pages. Regardless, those invoices reflect amounts for the service of trial subpoenas and payment for witness fees, amongst other amounts. To the extent that the invoices set forth in Defendant's Exhibit D (Doc. 199-4) at 35-36 contain rush fees, those fees were excluded in the foregoing paragraphs. Otherwise, it is recommended that Plaintiffs' objections be overruled.

## IV. <u>CONCLUSION</u>.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 199) be **GRANTED in part** and **DENIED in part** as follows:

1. Defendant be awarded **$17,420.63** in costs;[3] and
2. Otherwise, the Motion (Doc. 199) be **DENIED**.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[3] This represents a total reduction in the requested costs of $3,399.56.

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 26, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy